IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AMERICAN HALLMARK INSURANCE
COMPANY OF TEXAS,

     Plaintiff,

v.                                                                          No. CV _____

MARIA AGUIRRE and JOHN DOE, as the
Personal Representative of the Estate of George
Carbajal,

## COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

Plaintiff American Hallmark Insurance Company of Texas ("Hallmark"), by and through

its attorneys of record, Hartline Barger LLP, for its complaint against the Defendants, states and

alleges as follows:

1.       Plaintiff Hallmark is an insurance company organized under the laws of Texas, with

a principal place of business in the State of Texas, that is duly authorized to transact the business

of insurance in New Mexico.

2.       Defendant Maria Aguirre is a citizen and resident of Las Cruces, New Mexico.

3.       Decedent George Carbajal was a citizen and resident of Las Cruces, New Mexico,

at the time of his death on May 19, 2019.

4.       Decedent George Carbajal was killed during a fatal, single-vehicle car accident on

May 19, 2019, when he was the passenger in a vehicle driven by Juan Ordonez, Jr.

5.       Upon information and belief, Decedent George Carbajal is the son of Defendant

Maria Aguirre.

6.      This Court has jurisdiction over this Complaint based upon 28 U.S.C. § 1332(a)(1) and (c)(1). The Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs of suit.

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the Defendants are all residents of the State in which this district is located and because a substantial part of the events or omissions giving rise to the claim occurred in New Mexico.

8.      Hallmark issued a New Mexico Personal Auto Policy, numbered NMA100031097 and attached hereto as Exhibit A, to Maria Aguirre with an applicable policy term of March 1, 2019 through September 1, 2019 (hereinafter, the "Policy"). The Policy provided personal automobile liability coverage in accordance with its terms and applicable rejections.

9.      Pursuant to NMSA 1978, § 66-5-208(A, B), Hallmark offered Defendant Maria Aguirre uninsured/underinsured motorist coverage providing at least the same benefit as the mandatory coverage under New Mexico law, up to Defendant Maria Aguirre's liability coverage limit, and an intermediate option.

10.     Defendant Maria Aguirre originally applied for insurance with Hallmark on February 28, 2018. She listed two vehicles on the Policy at that time and rejected, in writing and via electronic signature, Uninsured/Underinsured Motorists Coverage – Bodily Injury ("UM/UIM BI"). *See* Exhibit B (Policy Application and UM/UIM BI rejection).

11.     Maria Aguirre signed a Consent to Electronic Signatures and Records Disclosure on February 28, 2018.

12.     Electronic signatures are valid and binding under federal and state law. *See* 15 U.S.C. § 7001(a, i); NMSA 1978, § 14-16-7.

13.     Defendant Maria Aguirre added a vehicle to the Policy on March 22, 2018, and again rejected, in writing and via electronic signature, UM/UIM BI.

14.     Defendant Maria Aguirre added another vehicle to the Policy on January 4, 2019, and again rejected, in writing and via electronic signature, UM/UIM BI.

15.     Defendant Maria Aguirre removed a vehicle from the Policy on April 30, 2019, and again rejected, in writing and via electronic signature, UM/UIM BI. *See* Exhibit C (April 30, 2019, UM/UIM BI rejection).

16.     The UM/UIM Coverage Selection/Rejection form provided the costs of UM/UIM BI coverage options, including stacking coverage on one or more listed vehicles. *See* Exhibit C.

17.     The UM/UIM Coverage Selection/Rejection form provided the following options and information:

DocuSign Envelope ID: 86E8AE55-02D9-4C2F-9A02-A309AACA9081

Policy Number: NMA100031097 Insured: MARIA AGUIRRE Producer Code: 3112315-000-000 Agency: ROADRUNNER INSURANCE

## UNINSURED/UNDERINSURED MOTORISTS COVERAGE SELECTION/REJECTION

New Mexico Law requires that Uninsured/Underinsured Motorists Coverage be included in all policies insuring motor vehicle liability insurance coverage unless you specifically reject such coverage. Uninsured/Underinsured Motorists Coverage - Bodily Injury (UM/UIM BI) provides that if you suffer bodily injury, sickness or disease, including death, resulting from an accident with a person who does not carry liability insurance or is underinsured, and from whom you are legally entitled to recover damages, you may make a claim against your own insurance company for damages. Uninsured Motorists Coverage - Property Damage (UMPD) provides coverage if you suffer property damage resulting from an accident with a person who does not carry liability insurance or is underinsured, and from whom you are legally entitled to recover damages.

### Accepting or Rejecting Uninsured/Underinsured Motorists Coverage - Bodily Injury (UM/UIM BI)

In accordance with New Mexico law, you are entitled to purchase coverage for each vehicle equal to your Bodily Injury Liability limits and the Company is required to provide you with those limits unless you reject that option in writing. Below are limit options and corresponding premiums available to you. Whether you reject or accept UM/UIM BI on any vehicle listed on the policy, you must initial below next to each vehicle to affirm your selection or rejection.

### Premium Disclosure for Uninsured/Underinsured Motorists Coverage - Bodily Injury

| UM/UIM BI Selection Option | Limits per Vehicle | Aggregate Limits for All Vehicles | UM/UIM BI Premium |
|---|---|---|---|
| If rejected on all vehicles: | Rejected | Rejected | $0.00 |
| If accepted on one vehicle: | $25,000 each person / $50,000 each accident | $25,000 each person / $50,000 each accident | $63.00 |
| If accepted on two vehicles: | $25,000 each person / $50,000 each accident | $50,000 each person / $100,000 each accident | $128.00 |
| If accepted on three vehicles: | $25,000 each person / $50,000 each accident | $75,000 each person / $150,000 each accident | $206.00 |
| If accepted on four vehicles: | $25,000 each person / $50,000. each accident | $100,000 each person / $200,000 each accident | |
| If accepted on five vehicles: | $25,000 each person / $50,000 each accident | $125,000 each person / $250,000 each accident | |
| If accepted on six vehicles: | $25,000 each person / $50,000 each accident | $150,000 each person / $300,000 each accident | |

### Selection and Premium Charged for Uninsured/Underinsured Motorists Coverage - Bodily Injury

| | Vehicle Number | Reject | Accept | Applicant's Initial | |
|---|---|---|---|---|---|
| | Vehicle 1 | ☒ | ☐ | Mf | |
| | Vehicle 2 | ☒ | ☐ | Arf | |
| | Vehicle 3 | ☒ | ☐ | Arf | |
| | Vehicle 4 | ☐ | ☐ | | |
| | Vehicle 5 | ☐ | ☐ | | |
| | Vehicle 6 | ☐ | ☐ | | |

☒ I reject UM/UIM BI coverage in its entirety on all of my vehicles.

☐ I have selected UM/UIM BI coverage on 0 vehicle(s). As a result, the total limit of UM/UIM BI coverage available to me is $ each person / $ each accident. The total premium for this coverage is $. I understand that this is a single premium for a single coverage limit, which applies collectively to all, not each, of the vehicles on the policy. You should bear this feature in mind when purchasing insurance.

| Applicant's Signature X: | Date: |
|---|---|
| MARIA AGUIRRE | 4/30/2019 \| 5:40 PM CDT |

Page 1 of2        NM UM Sel/Rej 09 11

DocuSign Envelope ID: 86E8AE55-02D9-4C2F-9A02-A309AACA9061

Policy Number: NMA100031097 Insured: MARIA AGUIRRE Producer Code: 3112315-000-000 Agency: ROADRUNNER INSURANCE

**Accepting or Rejecting Uninsured Motorists Coverage - Property Damage (UMPD)**

In accordance with New Mexico law, you are entitled to purchase coverage up to your Property Damage Liability limits and the Company is required to provide you with those limits unless you reject that option in writing. Please indicate below your rejection of UMPD or your choice of UMPD limits by checking the appropriate box and initialing your selection or rejection for each vehicle listed on your policy.

For UMPD Coverage, **you may select different coverage limit options for each vehicle** on your policy.

| UMPD Limit each accident | Veh # 1 | | | Veh # 2 | | | Veh # 3 | | |
|---|---|---|---|---|---|---|---|---|---|
| | Selection | Initial | Premium | Selection | Initial | Premium | Selection | Initial | Premium |
| I reject UMPD | ☒ | MLL | $0.00 | ☒ | MLL | $0.00 | ☒ | MLL | $0.00 |
| $10,000 | ☐ | | $69.00 | ☐ | | $33.00 | ☐ | | $69.00 |
| $15,000 | ☐ | | $76.00 | ☐ | | $37.00 | ☐ | | $76.00 |
| $25,000 | ☐ | | $90.00 | ☐ | | $43.00 | ☐ | | $90.00 |

| UMPD Limit each accident | Veh # 4 | | | Veh # 5 | | | Veh # 6 | | |
|---|---|---|---|---|---|---|---|---|---|
| | Selection | Initial | Premium | Selection | Initial | Premium | Selection | Initial | Premium |
| I reject UMPD | ☐ | | $0.00 | ☐ | | $0.00 | ☐ | | $0.00 |
| $10,000 | ☐ | | | ☐ | | | ☐ | | |
| $15,000 | ☐ | | | ☐ | | | ☐ | | |
| $25,000 | ☐ | | | ☐ | | | ☐ | | |

I affirm the selection(s) or rejection(s) for UMPD coverage as shown above.

Applicant's Signature X: MARIA AGUIRRE   Date: 4/30/2019 | 5:40 PM CDT

**Customer Acknowledgement**

I fully understand Uninsured/Underinsured Motorists Coverage - Bodily Injury and Uninsured Motorists Coverage - Property Damage. I understand that this selection/rejection form is part of the policy. I also understand that these selections or rejections apply to any continuation, renewal, change, or reinstatement of this policy unless I subsequently request a change in writing. I also understand that the premiums displayed above are for the initial policy term and may change for future policy terms in accordance with the company's rate changes. If you wish to change your selections, please call your agent.

Applicant's Signature X: MARIA AGUIRRE   Date: 4/30/2019 | 5:40 PM CDT

Page 2 of 2    NM UM Sel/Rej 09 11

18.    Pursuant to 13.12.3.9 NMAC, these rejections were made part of the Policy via the Endorsement Declarations, dated April 30, 2019. *See* Exhibit D (April 30, 2019, Endorsement Declarations).

19.     The following notice appears at the bottom of the Endorsement Declarations Page:

******IMPORTANT:**  Uninsured Motorists Bodily Injury Coverage (UMBI) or Underinsured Motorists Property Damage Coverage (UMPD) equal to the policy's liability limits has been rejected.  You have the right to purchase UMBI or UMPD limits up to your Bodily Injury or Property Damage Liability limits. Only coverages listed on this Declarations for which a premium is charged are provided by this policy.  If you wish to change your UMBI or UMPD coverage limits, please call your agent.

Only coverages listed on this Declarations for which a premium is charged are provided by this policy.

20.     Defendant Maria Aguirre validly rejected UM/UIM BI coverage pursuant to NMSA 1978, § 66-5-301(C) and *Jordan v. Allstate Ins. Co.*, 2010-NMSC-051, ¶ 30, 245 P.3d 1214, 1233.

21.     This rejection was valid for all future renewals because Defendant Maria Aguirre did not later request UM/UIM BI coverage in writing. NMSA 1978, § 66-5-301(C).

22.     Hallmark cause a certified copy of the Policy, with the rejection incorporated into the Policy via the Endorsement Declarations, to be mailed to Defendant Maria Aguirre, at her stated mailing address, on or about May 1, 2019.

23.     The envelope addressed to Defendant Maria Aguirre was not returned to Hallmark.

24.     Defendant Maria Aguirre notified Hallmark of Decedent George Carbajal's death on August 2, 2019.

25.     Hallmark received a letter of representation from the Estate of George Carbajal on October 21, 2019.

### COUNT I:     DECLARATORY JUDGMENT – NO COVERAGE

26.     Plaintiff Hallmark re-asserts and incorporates by reference the allegations of Paragraphs 1 through 25 above as if set forth in full.

27.     Hallmark provided Defendant Maria Aguirre the options and premiums available for UM/UIM BI coverage.

28.     Defendant Maria Aguirre rejected UM/UIM BI coverage in writing, and signed the rejection.

29.     Defendant Maria Aguirre's rejection of UM/UIM BI coverage was made a part of the Policy via notification of the rejections in the Endorsement Declarations page.

30.     The Policy, including the rejections, was delivered to Defendant Maria Aguirre.

31.     Defendant Maria Aguirre's rejection of UM/UIM BI coverage was valid.

32.     As a result of the circumstances described above, UM/UIM BI coverage is not available under Defendant Maria Aguirre's Policy.

33.     Declaratory relief and further ancillary relief thereon are appropriate and proper under 28 U.S.C. § 2201-2202 and Federal Rule of Civil Procedure 57. Pursuant to Rule 57, Hallmark prays that the Court grant a speedy hearing of this action and accelerate the case on the Court's calendar.

34.     Hallmark is entitled to a declaratory judgment that Defendant Maria Aguirre's rejection of UM/UIM BI coverage was valid and binding, and as such, no coverage exists under the Policy.

## COUNT II:   DECLARATORY JUDGMENT – NO BAD FAITH OR OTHER UNFAIR INSURANCE PRACTICES

35.     Plaintiff Hallmark re-asserts and incorporates by reference the allegations of Paragraphs 1 through 34 above as if set forth in full.

36.     Decedent George Carbajal did not have an independent insurance policy or other agreement with Hallmark.

37.     The only way for the Estate of George Carbajal to recover from Hallmark would be through the Policy issued to Defendant Maria Aguirre.

38.     Defendant Maria Aguirre's UM/UIM BI rejection was valid and binding.

39.     No UM/UIM BI coverage exists under the Policy.

40.     Hallmark does not owe UM/UIM BI benefits to the Estate of George Carbajal.

7

41.     Nonetheless, agents of the Estate of George Carbajal have stated they believe Hallmark handled this matter in bad faith and/or otherwise violated the New Mexico Unfair Practices Act.

42.     Hallmark reasonably investigated the claim for UM/UIM benefits.

43.     Hallmark acted in good faith and otherwise complied with all applicable statutory, regulatory, and common law duties in determining that the death of George Carbajal is not a covered loss.

44.     Therefore, Hallmark is entitled to a declaratory judgment that it complied with all applicable duties and did not violate the New Mexico Unfair Practices Act or otherwise commit insurance bad faith or any other compensable claim in denying coverage for Decedent's death.

45.     In an abundance of caution, Hallmark will deposit into the Court registry $75,000.00, the maximum amount of UM/UIM coverage that Maria Aguirre could have purchased, had she not validly rejected UM/UIM coverage as described above.

WHEREFORE, American Hallmark Financial Company of Texas seeks a speedy hearing in accordance with Federal Rule of Civil Procedure 57 and declaratory judgment pursuant to the authority set forth in 28 U.S.C. §§ 2201 and 2202, adjudging and determining the rights and obligations of the parties with respect to the Policy issued to Defendant Maria Aguirre, for judgment against Defendants Maria Aguirre and the Estate of George Carbajal, and for such further relief as the Court deems just and proper.

**HARTLINE BARGER LLP**

By:    */s/ Laura K. Vega*         
      Laura K. Vega
      Mary E. Jones
      500 Marquette Ave. NW, Ste. 770
      Albuquerque, NM 87102
      LVega@hartlinebarger.com
      MJones@hartlinebarger.com
      (505) 336-5300
      *Attorneys for Plaintiff American Hallmark*
      *Financial Company of Texas*

*(38503233)*

9